**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **STEPHANIE MILLER,** individually and on behalf of all others similarly situated, *Plaintiff*, v. **EASY REST ADJUSTABLE SLEEP SYSTEMS, LLC**, a Maryland company, *Defendant*. | Case No. **CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Stephanie Miller ("Plaintiff" or "Miller") brings this Class Action Complaint and Demand for Jury Trial against Defendant Easy Rest Adjustable Sleep Systems, LLC ("Defendant" or "Easy Rest") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making pre-recorded telemarketing calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Miller, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Stephanie Miller is a resident of this District.

2. Defendant Easy Rest Adjustable Sleep Systems, LLC is a limited liability company headquartered in Maryland.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant has made telemarketing calls into this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case was directed into this District.

## INTRODUCTION AND COMMON ALLEGATIONS

6. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. Defendant Easy Rest sells sleep systems to consumers.

8. Defendant Easy Rest makes cold calls to prospective consumers to see if they are interested in buying Defendant's products or services.

9. Defendant Easy Rest uses pre-recorded voice message calls, despite having never obtained the necessary consent required to place the calls.

10. For example, in Plaintiff Miller's case, the Defendant placed multiple pre-recorded calls to Miller's cell phone despite the fact that Miller never consented to receive such calls.

11. Defendant Easy Rest hires employees to engage in calling, including using dialers with the capacity to deliver prerecorded voice messages:

- They barely train you for two days, most of the people you call don't even know what you're talking about even though they tell you the people inquire about these beds and will hang up or curse you out, need to have thick skin even the "inbound calls" we get claim they never called.
- When I worked for them I was making cold calls alot of the people I talked to didn't even put in for the win a bed or information on there beds.
- It's a telemarketing job where you sell beds to older people and you don't get paid unless you sell some beds.
- You call and bother people all day, you get cussed out constantly. It isnt an appointment setting position, you have to sell them on making an appointment.

*See* https://www.indeed.com/cmp/Easy-Rest-Adjustable Beds/reviews?fcountry=ALL&fjobtitle=Telemarketer

12. In response to these calls, Plaintiff Miller files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF MILLER'S ALLEGATIONS

13. Plaintiff Miller registered her cellular telephone number, 330-401-XXXX, with the National Do Not Call Registry on September 3, 2014.

14. Despite this, the Plaintiff received a pre-recorded call from the Defendant on October 10, 2022, as well as other dates.

15. The pre-recorded message advertised Defendant's adjustable bed services.

16. These are services that Easy Rest offers.

17. The call was pre-recorded because there was an audible click and delay before a generic recorded message played.

18. Following the pre-recorded message, the Plaintiff spoke with an agent who promoted the Defendant's services.

19. The Plaintiff was uninterested in the adjustable bed.

20. She told the Defendant that and asked to no longer be contacted.

21. Despite that, she received further calls.

22. The unauthorized solicitation telephone calls that Plaintiff received from Defendant have harmed Plaintiff Miller in the form of annoyance, nuisance, and invasion of privacy, in addition to the wear and tear on the phone's hardware (including the phone's battery), the consumption of memory on the phone.

23. Seeking redress for these injuries, Plaintiff Miller, on behalf of herself and the class of similarly situated individuals, brings suit under the TCPA.

24. Plaintiff Miller is not alone, if facts, consumers from across the country have complained about Defendant's illegal conduct.

25.

26.

27.

28.

29.



30.

31.

32.

33.

34.

35.

36.



## CLASS ALLEGATIONS

37. Plaintiff Miller brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

**Pre-recorded Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Easy Rest, or any third party acting on their behalf, called (2) on their cellular telephone number (3) using the same or a similar artificial or pre-recorded voice messages used to call Plaintiff.

38. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) whether Defendant Easy Rest placed pre-recorded voice message calls to Plaintiff Miller and members of the Pre-recorded No Consent Class without first obtaining the express written consent to make the calls;

   (b) whether the calls constitute a violation of the TCPA;

   (c) whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

   (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40. **Adequate Representation**: Plaintiff Miller will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Miller has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Miller and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Miller nor her counsel have any interest adverse to the Class.

41. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole,

thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Miller. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Miller and the Pre-recorded No Consent Class)

42. Plaintiff Miller repeats and realleges the prior paragraphs and incorporates them by reference herein.

43. Defendant Easy Rest and/or its agents transmitted unwanted telephone calls to Plaintiff Miller and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

44. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Miller and the other members of the Pre-recorded No Consent Class.

45. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Miller and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Miller requests a jury trial.

DATED this 30th day of March, 2023.

**STEPHANIE MILLER**, individually and on behalf of all others similarly situated,

*/s/Brian T. Giles*
Brian T. Giles (0072806)
GILES & HARPER, LLC
7247 Beechmont Ave.
Cincinnati, Ohio 45230
Telephone:  (513) 379-2715
bgiles@gilesharper.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com
*Subject to Pro Hac Vice*